

A. G. FILE No. 0-3573

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin H. Post
County Auditor
Yoakum County
Plains, Texas

Dear Sir:

> Opinion Number 0-3573
> Re: Can Yoakum County issue $18,500
> time warrants to pay the balance
> on a contract for completing
> Highway 214 without following
> the provisions of Article 2368a,
> Revised Civil Statutes of Texas?

We acknowledge receipt of your letter of recent date wherein you request our opinion on the above stated question. The facts as we understand them are substantially as follows:

Yoakum County issued $250,000 bonds, dated April 1, 1940. Said bonds are known as the Yoakum County, Texas, Road Bonds, Series 1940, voted and issued on the faith and credit of Yoakum County, Texas, under and by virtue of the provisions of the Constitution and laws of the State of Texas, particularly Section 52, Article 3, of the Constitution, and Chapter 16 of the General Laws passed by the Thirty-ninth Legislature of Texas, at its First Called Session in 1926. Said bonds were issued for the purpose of the construction, maintenance and operation of macadamized, gravelled or paved roads and turnpikes, or in aid thereof, in Yoakum County, Texas. Said county is now short of funds in the amount of $18,500 on the final payment of a contract let to pave Highway 214 of said county. Yoakum County now wishes to issue $18,500 time warrants to pay the balance of completing said Highway 214 without complying with the terms of Article 2368a.

The Bond and Warrant Law of 1931 (Article 2368a, R.C.S. of Texas) regulates in general the financing of public improvements by counties and prescribes the steps which must be taken

Honorable Marvin H. Post, page #2

prior to the issuance of evidences of indebtedness for such improvements. Said Act provides that when it is the intention of the Commissioners' Court to issue time warrants for the payment of all or any part of a contract for public work, within the contemplation of the Act, they shall give notice to bidders and shall recite that fact setting out the maximum amount of the proposed time warrant indebtedness, the rate of interest such time warrants are to bear, and the maximum maturity date thereof. The Act also gives the voters the privilege, by proper petition, of submitting to a referendum the question of the issuance of said warrants.

After carefully considering the question, it is our opinion that before Yoakum County can issue an additional $18,500 warrants for the purpose of completing Highway 214 the provisions of Article 2368a must be strictly complied with. It is true that Section 6 of said Article has the following exception:

"The provisions of this Act shall not affect projects for public improvements theretofore lawfully authorized, or that may hereafter be lawfully authorized by a vote of the people, and where there may be a deficiency of funds to complete same in accordance with the plans and purposes authorized by the voters."

If these bonds had been voted for a specific project or a specific highway then we believe the exception in Section 6 of Article 2368a would apply. However, we do not believe that this exception covers the statement of facts in your request. In this case there was no particular project or no particular plans and purposes authorized by the voters of said election. The voters simply authorized the issuance of $250,-000 bonds, the proceeds of which were to be spent for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, in Yoakum County, and the court had the authority to spend said money on any road in the county.

Honorable Marvin H. Post, page #3

     We realize that this is a very close question as to whether or not this exception would apply to the statement of facts submitted by you, but there is a serious doubt in our minds as to whether or not this exception applies to your particular situation. It is our opinion that in view of said doubt the county should strictly comply with the terms of Article 2368a.

     This opinion is based on the facts stated by you when you visited this office and discussed the matter with us. Your correspondence, however, indicates that probably the contract has been completed.

     Under either set of facts the county must have strictly complied with the terms of Article 2368a as to notice, etc., before time warrants may be legally issued.

     This opinion merely states the method that must be followed in issuing time warrants and we are in no way passing upon the validity of said warrants if and when they are issued.

     As per your request we are returning the contract submitted with your opinion request.

                     Very truly yours

                     ATTORNEY GENERAL OF TEXAS

                     By                                  
                         Claud O. Boothman
                             Assistant

COB-s
Encl.

APPROVED AUG 14, 1941

*Acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN